IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BRITTANY ALICE BRADLEY, <br><br> Defendant. | CR 23-18-GF-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Brittany Alice Bradley (Bradley) has been accused of violating the conditions of her supervised release. (Docs. 118 and 123). Bradley admitted most of the alleged violations. Bradley's supervised release should be revoked. Bradley should be sentenced to custody for 6 months, with 39 months of supervised release to follow. During the term of her supervised release, Bradley shall be placed in a secure in-patient substance abuse treatment facility as directed by her probation officer. Following completion of in-patient substance abuse treatment, Bradley shall be placed in a sober living facility as directed by her probation office.

## II.    Status

Bradley pled guilty on August 21, 2023, to the offense of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), as charged in Count 2 of the Indictment. (Doc. 62). Bradley was sentenced to 18 months of custody, with 4 years of supervised release to follow. (Doc. 78). Bradley's current term of supervised release began on May 2, 2025.

### Petition

On May 5, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Bradley's supervised release. (Doc. 118). The Petition alleged Bradley violated conditions of her supervised release by: (1) failing to follow the instructions of her probation officer by failing to report for in-patient treatment at Passages on May 2, 2025; (2) failing to participate in substance abuse treatment program on May 2, 2025; and (3) using methamphetamine on May 2, 2025.

### Amended Petition

On May 15, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Bradley's supervised release. (Doc. 123) The Amended Petition alleged Bradley had additionally violated her supervised release by: (4) using fentanyl on May 13, 2025; and (5) committing the misdemeanor offense of Criminal Possession of Drug Paraphernalia, in violation of Mont. Code Ann. § 45-10-103, on May 13, 2025.

**Initial Appearance**

Bradley appeared before the Court on May 27, 2025. Bradley was represented by counsel. Bradley stated that she had read the Amended Petition and that she understood the allegations against her. Bradley waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Bradley appeared before the Court on May 27, 2025, 2025. Bradley admitted that she had violated the conditions of supervised release as set forth in the Amended Petition by: (1) failing to follow the instructions of her probation officer by failing to report for in-patient treatment at Passages on May 2, 2025; (2) failing to participate in substance abuse treatment program on May 2, 2025; (3) using methamphetamine on May 2, 2025; and (4) using fentanyl on May 13, 2025. The Government moved to dismiss allegation (5), which the Court granted. Bradley's admitted violations, 1-4, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Bradley appeared before the Court on May 27, 2025. Bradley's violations are Grade C. Her criminal history category is I. Bradley's underlying offense is a Class B felony. Bradley could be incarcerated for up to 36 months. Bradley could be

ordered to remain on supervised release for 45 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Bradley's supervised release should be revoked. Bradley should be sentenced to custody for 6 months, with 39 months of supervised release to follow. This sentence is sufficient but not greater than necessary. During the term of her supervised release, Bradley shall be placed in a secure in-patient substance abuse treatment facility as directed by her probation officer. Following completion of in-patient substance abuse treatment, Bradley shall be placed in a sober living facility as directed by her probation office.

### IV.    Conclusion

The Court informed Bradley that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Bradley of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Bradley that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Bradley waived her right to appear and allocute before Judge Morris.

The Court **FINDS:**

> That BRITTANY ALICE BRADLEY has violated the conditions of her supervised release by: (1) failing to follow the instructions of her

probation officer by failing to report for in-patient treatment at Passages on May 2, 2025; (2) failing to participate in substance abuse treatment program on May 2, 2025; (3) using methamphetamine on May 2, 2025; and (4) using fentanyl on May 13, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Bradley's supervised release and sentence Bradley to custody for 6 months, with 39 months of supervised release to follow. During the term of her supervised release, Bradley shall be placed in a secure in-patient substance abuse treatment facility as directed by her probation officer. Following completion of in-patient substance abuse treatment, Bradley shall be placed in a sober living facility as directed by her probation office.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of June 2025.

*John Johnston*
United States Magistrate Judge